UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAINE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR COURT OF ALAMEDA COUNTY HAYWARD HALL OF JUSTICE, et al.,<br><br>Defendants. | Case No. 3:18-cv-04390-JD<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 152, 163, 164, 167, 168, 169, 172, 173, 174, 175, 180, 181, 182, 183, 184, 185, 186, 187, 190, 194, 209 |

Plaintiffs ("Laine") filed a putative class action against a number of California state courts, state court judges, state court personnel, counties, attorneys and others for claims arising out of state court family law proceedings. Dkt. No. 152. After a prior dismissal with leave to amend, Laine has not established federal subject matter jurisdiction, and so the case is dismissed.

Laine has the burden of establishing jurisdiction. *See Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008). The Court's prior order of dismissal concluded that this case is fundamentally a child custody dispute, which means there is no obvious federal subject matter jurisdiction. Dkt. No. 127. Laine was given an opportunity to amend the complaint to demonstrate federal jurisdiction, but the Second Amended Complaint ("SAC") offers only the conclusory statement that "Plaintiffs are not submitting their family law matters to the Northern District of California but rather require federal intervention from state, et al., abuse." Dkt. No. 152 ¶ 3. That does not state a basis for jurisdiction, and the body of the SAC again makes clear that the case is about, in Laine's own words, "four family law cases where each case correlates one another between the same judges, the system, third parties and lawyers." *Id.* ¶ 64.

The SAC also does not respond to the separate and independent issue of the *Younger* and *Rooker-Feldman* abstention doctrines, which the Court found to bar further federal proceedings. Dkt. No. 127. These SAC again alleges facts that make the application of these bars apparent on the face of the complaint.

It is also worth noting that dismissal under FRCP 41(b) is appropriate. Laine did not oppose any of the numerous motions to dismiss of the SAC that were filed in this case, nor did he request any extensions of deadlines to respond to those motions, so dismissal of the SAC is warranted under Rule 41(b) for failure to prosecute and to meet the Court's deadlines and order.

The Court's discretion to dismiss without leave to amend is "particularly broad" after prior leave to amend has been granted. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). The Court already gave Laine an opportunity to amend the complaint, despite noting that "a good argument can be made for dismissal with prejudice in these circumstances." Dkt. No. 127 at 2. In light of that prior opportunity, the complaint's continuing jurisdictional deficiencies, and the abstention doctrines, the SAC is dismissed without further leave to amend.

For the sake of clarity, the dismissal is under Rules 12(b)(1) and 12(b)(6) in light of Laine's pro se status, although Rule 41(b) is an independent basis as well. For the same reason, the Court declines to award sanctions, and all Rule 11 and sanction requests are denied. Dkt. No. 209; *see Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (requiring courts to take into account litigant's pro se status when determining whether a filing was reasonable or frivolous).

The clerk of the Court will close the action.

**IT IS SO ORDERED.**

Dated: September 16, 2019

JAMES DONATO
United States District Judge

United States District Court
Northern District of California