


Joshua Laine & Each Plaintiff
2150 Portola Ave, Suite D #238
Livermore, California 94551
Telephone: (925) 321-0373
josh.laine@yahoo.com
Sui Juris

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAINE, et al., <br><br> Plaintiff, <br><br> v. <br><br> SUPERIOR COURT OF ALAMEDA COUNTY HAYWARD HALL OF JUSTICE, et al., <br><br> Defendants. | Case No. 18-cv-04390-JD <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Hearing Not Required** |

TO THE COURT, DEFENDANTS AND ALL INTERESTED PARTIES FOR ALL INTENTS AND PURPOSES

COMES NOW, EACH PLAINTIFF IN THIS ACTION, DOES HEREBY MOVE THIS COURT TO RECONSIDER docket 216 Order of Dismissal dated September 16, 2019, on the grounds that there is evidence of bias in favor of the Defendants and prejudice against the Plaintiffs in addition to improper procedure and disregard for due process. This motion will be based upon the attached points and authorities, the declaration of each Plaintiff [combined] and the exhibits attached thereto.

Respectfully submitted,

Dated: September 26, 2019

_____  ___s/Keith Laine_____
Joshua Laine, Sui Juris       Keith Laine, Sui Juris
Plaintiff                     Plaintiff

_s/Debbie Laine_____      __s/Jeremy Laine_____     _s/Alan DeClue_____
Debbie Laine, Sui Juris    Jeremy Laine, Sui Juris   Alan DeClue, Sui Juris
Plaintiff                  Plaintiff                 Plaintiff

_s/Merry DeClue_____      _s/Daniel Huber_____     _s/Joanne Marino_____
Merry DeClue, Sui Juris    Daniel Huber, Sui Juris   Joanne Marino, Sui Juris
Plaintiff                  Plaintiff                 Plaintiff

_s/Daniel Marino_____     _s/Ricky Marino_____
Daniel Marino, Sui Juris   Ricky Marino, Sui Juris
Plaintiff                  Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITY

### I. INTRODUCTION

1. On September 16, 2019, Judge James Donato erroneously filed an Order of Dismissal, Dkt. 216. The order contains many untruths as to requirements being met, deadlines responses being met in addition to the implementation of incorrect doctrines barring Plaintiffs from their right to their matter being heard in federal court. Judge James Donato has demonstrated bias and prejudice against Plaintiffs in this order which is his third prejudicial order against Plaintiffs. For this reason, and others set forth below, Plaintiffs respectfully request this erroneous order be reconsidered.

### II. ARGUMENT AND LEGAL STANDING

2. It appears that Judge James Donato is attempting to protect Defendants from prosecution. Plaintiffs have clearly demonstrated extreme JUDICIAL MISCONDUCT with evidence that links Defendants together in a web of CHILD TRAFFICKING AND EXTRINSIC FRAUD that gives Plaintiffs standing to prosecute.

**A. Plaintiffs Established Federal Subject Matter Jurisdiction; Donato Applied The Wrong Legal Standard**

3. This Court has jurisdiction over Title 42 U.S.C. 1983 cases, Fourth and Fourteenth Amendment of the U.S. Constitution cases, racketeering and more (28 U.S.C. §1332) that Plaintiffs have included in their Second Amended Complaint, Dkt. 152. In addition, by exercising their right by submitting their complaint, Plaintiffs granted jurisdiction to the Northern District of California whereas the Northern District of California must hear Plaintiffs matter; the Eleventh Amendment does not apply in this matter because of the merits of the violations of Plaintiffs claims leaving absolute and qualified immunity non- existent for Defendants. It has been established that Public officers are "persons" under § 1983 and may therefore face liability for constitutional deprivations, *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691, 98

S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Absolute and Qualified Immunity does not apply according to the U.S. Constitution Article VI and *U.S. v. Will*, 449 U.S. 200, 216, 101S.Ct. 471, 66 L.Ed.2d 392,406 (1980); *Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, 404, 5L.Ed 257 (1821). Plaintiffs SAC provides this Court with subject matter jurisdiction.

4. Furthermore, Plaintiffs submitted facts [a thing done; an action performed or an incident transpiring; an event or circumstance; an actual occurrence. An actual happening in time or space or an event mental or physical. *Fowler-Curtis Co. v. Dean*, 203 App.Div. 317, 196 N.Y.S. 750, 754; *German-American Ins. Co. v. Huntley*, 62 Okl. 39, 161 P. 815, 817; *Rost v. Kessler*, 267 App.Div. 686, 49 N.Y.S.2d 97, 99. That which has taken place, not what might or might not have taken place. *Churchill v. Meade*, 92 Or. 626, 182 P. 368, 371. A fact is either a state of things, that is, an existence, or a motion, that is, an event] with evidence of extreme civil rights violations and crimes against Plaintiffs that did or should have given rise to this Court that would automatically grant this case to proceed.

5. More notably, Plaintiffs secured subject matter jurisdiction in their SAC, Id. pg. 5 Lines 5-19:

> 'This Court has jurisdiction pursuant to the following statutes:
> Federal Question Jurisdiction: Title 28 United States Code § 1331;
> Federal Regulation of Commerce Jurisdiction: Title 28 United States Code § 1337;
> Federal Supplemental Jurisdiction: Title 28 U.S.C. 1367(a);
> Federal Declaratory Judgment Act of 1946: Title 28 United States Code §§ 2201-2202;
> Federal Supplemental Jurisdiction: Title 28 United States Code §§ 1367(a)-(b);
> Section 1964(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO") Title 18 United States Code §§ 1964(a), (b), (c), and d);
> RICO 18 U.S.C. § 1965(a), (b), and (d); and Rules 57 and 65 of the Federal Rules of Civil Procedure; and The general legal and equitable powers of this Court.'

6. The Judiciary Act of 1789 states that "in all courts of the United States, the parties may plead and manage their own causes personally." It follows that federal judges must respect the pro se litigants' right to represent themselves. Judge James Donato must liberally construe the allegations in my complaint, as the 1972 Supreme Court precedent *Haines v. Kerner* dictates. The United States Constitution establishes a right to access the courts, *Chambers v. Baltimore*, 207

U.S. 142, 148 (1907) (stating that the "right to sue and defend in the courts . . . is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship . . . [e]quality of treatment in this respect is not left to depend upon comity between the States, but is granted and protected by the Federal Constitution."). Therefore, Plaintiffs established proper subject matter jurisdiction.

### B. This Case is of Extrinsic Fraud

7. Judge James Donato ("DONATO") "concluded that this case is fundamentally a child custody dispute, which means there is no obvious federal subject matter jurisdiction." Id. Dkt. 216 P. 1 L. 20-21; Plaintiff's already established that this is not a child custody case for the federal court to hear but rather civil rights violations with elements of crimes from Defendants. Donato's misleading statement completely sets aside the extrinsic fraud. In *Kougasian v. TMSL, Inc.* 359 F.3d 1136 (9th Cir. 2004), the court established "Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud." Plaintiff's causes of action are based on additional alleged wrongful acts by Defendants and those acts may be "inextricably intertwined. "A federal court is required under 28 U.S.C. § 1738 to look to the preclusion law of the state court that rendered the earlier judgment or judgments to determine whether subsequent federal litigation is precluded." Donato did not perform an analysis under § 1738 and California preclusion law. Plaintiff's claims in their SAC is extrinsic fraud *prima facie* Therefore this matter has subject matter jurisdiction and standing under extrinsic fraud.

### C. AGAIN, The Rooker-Feldman and Younger Doctrines DO NOT APPLY to this matter

8. Plaintiffs already established in their 'Plaintiff's Reply to Answer Dkt. 119, the *Rooker-Feldman* and *Younger Doctrines* DO NOT APPLY to this matter, "Claims relating to Defendant's extrinsic fraud and a referral to a private mediation and psychology enterprise do not

necessitate disturbing Defendant's appealable decisions relating to child custody and spousal support." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004). Additionally, in *Kougasian v. TMSL, Inc.*, the 9th Cir. held:

[Three of Kougasian's causes of action are based, in whole or in part, on alleged extrinsic fraud on the state court. The alleged extrinsic fraud primarily consisted of submitting the false declaration to the state court in *Kougasian I* at the last minute and refusing to supply the telephone number or address of the declarant, thereby preventing Kougasian from deposing or otherwise questioning him. "Extrinsic fraud is conduct which prevents a party from presenting his claim in court." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). Under California law, extrinsic fraud is a basis for setting aside an earlier judgment. *See Zamora v. Clayborn Contracting Group, Inc.*, 28 Cal.4th 249, 121 Cal.Rptr.2d 187, 47 P.3d 1056, 1063 (2002).

One of Kougasian's causes of action is based solely on extrinsic fraud. To the extent that Kougasian's two causes of action for fraud and for abuse of process are not based on extrinsic fraud, the analysis of this section is inapplicable. They are nevertheless not barred by *Rooker-Feldman*, but for reasons given in the analysis in the next section of this opinion.

At first glance, a federal suit alleging a cause of action for extrinsic fraud on a state court might appear to come within the *Rooker-Feldman* doctrine. It is clear that in such a case the plaintiff is seeking to set aside a state court judgment. But for *Rooker-Feldman* to apply, a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief. *See Noel*, 341 F.3d at 1164("If a federal plaintiff asserts *as a legal wrong* an allegedly erroneous decision by a state court, *and* seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal court.") (emphasis added). A plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party. *See id.* ("If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.").

It has long been the law that a plaintiff in federal court can seek to set aside a state court judgment obtained through extrinsic fraud. In *Barrow v. Hunton,* 99 U.S. (9 Otto) 80, 25 L.Ed. 407 (1878), the Supreme Court distinguished between errors by the state court, which could not be reviewed in federal circuit court, and fraud on the state court, which could be the basis for an independent suit in circuit court. (The federal circuit court was a trial court at that time.) Anticipating the *Rooker-Feldman* doctrine, the Court wrote:

> The question presented with regard to the jurisdiction of the Circuit Court is, whether the proceeding . . . is or is not in its nature a separate suit, or whether it is a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it. If the proceeding is merely tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, or to a bill of review or an appeal, it would belong to the latter category, and the United States court could not properly entertain jurisdiction of the case. Otherwise, the Circuit Courts of the United States would become invested with power to control the proceedings in the State courts, or would have appellate jurisdiction over them in all cases where the parties are citizens of different States. Such a result would be totally inadmissible.
>
> *On the other hand, if the proceedings are tantamount to a bill in equity to set aside a decree for fraud in the obtaining thereof, then they constitute an original and independent proceeding, and according to the doctrine laid down in Gaines v. Fuentes (92 U.S. [(2 Otto)] 10, 23 L.Ed. 524), the case might be within the cognizance of the Federal courts.* The distinction between the two classes of cases may be somewhat nice, but it may be affirmed to exist. *In the one class there would be a mere revision of errors and irregularities, or of the legality and correctness of the judgments and decrees of the State courts; and in the other class, the investigation of a new case arising upon new facts, although having relation to the validity of an actual judgment or decree, or the party's right to claim any benefit by reason thereof.*
>
> *Id.* at 82-83 (emphasis added); *see also MacKay v. Pfeil,* 827 F.2d 540, 543-44 (9th Cir. 1987) (quoting the above passage).

"Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud. Rooker-Feldman therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud."]

9. The *Younger Doctrine* does not apply due to Article III U.S. Constitution; coercion between state and federal entities of enforcement of *Younger*. Additionally, there are three exceptions where the Younger Doctrine does not apply in this matter;

    a. Where the prosecution is in bad faith (i.e. the state knows Plaintiffs to be innocent, Defendants, in their superior court matters lied to prosecute Plaintiffs (Plaintiffs in this matter) and engaged in coercion with the non-article III 'courts'(Defendants in this matter) and extrinsic fraud); and

    b. Where the prosecution is part of some pattern of harassment against an Plaintiffs; and

    c. Where the law being enforced is utterly and irredeemably unconstitutional i.e. Defendants had no authority to take away Plaintiffs children, money and assets. Plaintiffs have met these exceptions (*see exhibits to SAC*).

10. Therefore, for the SECOND TIME Plaintiffs have QUASHED *Rooker-Feldmen* and *Younger Doctrines* argument, this Court CANNOT use these doctrines to dismiss Plaintiffs legitimate claims.

### D. Plaintiffs met all requirements

11. Plaintiffs met all requirements and elements to have standing, under the realm of pro se litigants, to prosecute. *See Registrar of Actions in this matter.* In addition, The Court must liberally construe a pro se plaintiff's complaint "[b]ecause the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *McGuckin v. Smith*, 974 F.2d 1050, 1055, (9th Cir. 1991) (internal quotations omitted). Further, a plaintiff, whether represented by counsel or not, need not plead the statute or other provision upon which he bases his claims. Rather, all that is necessary is that he pleads facts sufficient to support

such claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests.") (quoting Fed. R. Civ. P. 8(a)(2)).

### E. Willful Misconduct from this Court

12. DONATO DENIES Plaintiffs Motion for Electronic filing forcing Plaintiffs to travel approximately 45 miles to file which jeopardizes and oppresses Plaintiffs due process rights protected under the 14th Amendment.

13. DONATO DENIES Plaintiffs Motion for Ex Parte and Injunction where Plaintiffs supplied an abundance of evidence of willful public servant and judicial misconduct, seeking relief which DONATO blatantly disregarded and subjected Plaintiffs to retaliation causing irreparable harm and injury to Plaintiff's from the superior courts and its agents.

14. DONATO FAILED to recognize that Plaintiffs FAC & Motion for Injunction was filed for relief sought from an abundance of constitutional questions and civil rights violations where, again, Plaintiffs provided copious amounts of evidence supporting the relief needed to prevent serious irreparable harm and injury by Defendants, which was supported BY LAW. DONATO FAILED to recognize that Plaintiffs were not seeking and new court for their family law case but to obtain relief from an abundance of constitutional questions and civil rights violations. Plaintiffs merely sought enforcement of U.S. Supreme Court Rulings (all case law provided). Plaintiffs provided all the ammunition necessary for DONATO to successfully administer on the merits, yet DONATO failed to review it and the evidence provided.

15. DONATO mistakenly uses the *Younger* and *Rooker-Feldman* doctrines along with various case law to dismiss Plaintiffs sound FAC and Motion for Injunction, where Plaintiffs already provided that they do not apply which is CLEARLY outlined in Plaintiffs Reply (Dkt. No.: 119). Again, Plaintiffs provided this Court with the necessary support and evidence needed to move forward and protect Plaintiffs from further damages. DONATO blatantly failed Plaintiffs by mistakenly filing an unjust dismissal of this case(s), pursuant to F.R.C.P. 60.

16. Defendants DO NOT have immunity; see Docket 20 pages 13-14 and Docket 119; SAC Dkt. 152 Id. P. 13.

17. The Ninth Circuit Appellate Court has summarized the California law and elements for willful misconduct in *Rost v. United States of America,* 803 F.2d 448 (9th Cir., 1986) stating:

> "Willful or wanton misconduct is intentional wrongful conduct, done either with a knowledge that serious injury to another will probably result, or with wanton and reckless disregard of the possible results." *O'Shea v. Claude C. Wood Co.,* 97 Cal.App.3d 903, 912, 159 Cal.Rptr. 125 (1979). Several phrases express this standard including: " 'serious and wilful misconduct,' 'wanton misconduct,' 'reckless disregard,' 'recklessness,' and combinations of some or *451 all or these." *New,* 171 Cal.App.3d at 689, 217 Cal.Rptr. at 525-26 (quoting Prosser, Law of Torts, § 34, p. 184 (4th ed. 1971)). The meaning assigned to willful misconduct by the California courts is any intentional act of an unreasonable character undertaken in disregard of a known risk or a risk so obvious that the actor must be taken to have been aware of it, and so great as to make resulting harm highly probable. *New,* 171 Cal.App.3d at 689, 217 Cal.Rptr. at 526; *Morgan v. Southern Pacific Transportation Co.,* 37 Cal.App.3d 1006, 1011, 112 Cal.Rptr. 695, 698 (1974). In *Morgan,* the California Court of Appeals set out three essential elements that must be present before a negligent act becomes willful misconduct: "(1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril." *Id.* at 1012, 112 Cal.Rptr. at 698. Constructive knowledge is measured by an objective standard: "whether a reasonable man under the same or similar circumstances as those faced by the actor would be aware of the dangerous character of his conduct."*Chappell v. Palmer,* 236 Cal.App.2d 34, 37, 45 Cal.Rptr. 686, 688 (1965). See also *New,* 171 Cal.App.3d at 690, 217 Cal.Rptr. at 526. Where an actor's conduct is of an unreasonable character and in disregard of a known risk, or one that should have been known, and that risk is so great as to make it highly probable that harm will follow, we term it willful misconduct "and apply to it the consequences and legal rules which we use in the field of intended torts." *New* 171 Cal.App.3d at 690, 217 Cal.Rptr. at 526 (quoting *Pelletti v. Membrila,* 234 Cal.App.2d 606, 611, 44 Cal.Rptr. 588, 590 (1965)). The actor is not protected because he personally failed to recognize the precise peril posed. "His inability to realize the danger may be due ... to the abnormally favorable results of previous conduct of the same sort. It is enough that he knows or has reason to know of the circumstances which would bring home to the realization of the ordinary, reasonable man the highly dangerous character of his conduct." *Pelletti,* 234 Cal.App.2d at 611, 44 Cal.Rptr. at 591.

18. Plaintiffs presented material facts before this Court that give rise to claims for willful misconduct that this Court knew or should have known. F.R.C.P. 60(b)(1) allows a district

court to undo or alter a final judgment based on, among other things, a "mistake." "[T]he deprivation of constitutional rights unquestionably constitutes irreparable injury," *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). "The law in this circuit is that errors of law are cognizable under Rule 60(b)" (*Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982).

19. FRCP 60(b)(6) permits relief from a judgment for "any other reason that justifies relief," and does not include an outer bound on the time limitation to make the motion. However, the Supreme Court has limited this catch-all category to "extraordinary" circumstances (*Gonzales v. Crosby*, 545 U.S. 524, 535 (2005); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)). Moreover, an FRCP 60(b)(6) motion must be based on some reason other than those stated in subsections (1)-(5), and thus cannot be used to circumvent the one-year outer time limitation provided for subsections (1), (2) or (3) (see FRCP 60(c); *Liljeberg*, 486 U.S. at 863 & n.11; *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009)); surely this Court would not want to make a mistaken dismissal based off of aiding and abetting, judicial bias, judicial protection, engagement of judicial criminalities, 7th and 14th Amendment violations, among others.

## CONCLUSION

20. For the above stated FACTS, Plaintiffs move this Court to reconsider its Order of Dismissal, Dkt. 216.

Respectfully submitted,

Dated: September 26, 2019

_____  
Joshua Laine, Sui Juris  
Plaintiff

___s/Keith Laine_____  
Keith Laine, Sui Juris  
Plaintiff

_s/Debbie Laine____  
Debbie Laine, Sui Juris  
Plaintiff

__s/Jeremy Laine_____  
Jeremy Laine, Sui Juris  
Plaintiff

_s/Alan DeClue_____  
Alan DeClue, Sui Juris  
Plaintiff

_s/Merry DeClue_____  
Merry DeClue, Sui Juris  
Plaintiff

_s/Daniel Huber_____  
Daniel Huber, Sui Juris  
Plaintiff

_s/Joanne Marino_____  
Joanne Marino, Sui Juris  
Plaintiff

_s/Daniel Marino_____  
Daniel Marino, Sui Juris  
Plaintiff

_s/Ricky Marino_____  
Ricky Marino, Sui Juris  
Plaintiff