UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAINE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR COURT OF ALAMEDA COUNTY HAYWARD HALL OF JUSTICE, et al.,<br><br>Defendants. | Case No. 3:18-cv-04390-JD<br><br>**ORDER RE MOTION FOR RECONSIDERATION AND APPLICATION TO PROCEED IN FORMA PAUPERIS FOR APPEAL**<br><br>Re: Dkt. Nos. 218, 219 |

Plaintiffs ("Laine"), who are proceeding pro se, have filed a motion for reconsideration, Dkt. No. 219, of the order dismissing this case with prejudice, Dkt. No. 216. Laine also appealed that order, Dkt. No. 217, and seeks to proceed in forma pauperis, Dkt. No. 218. The appeal has been held in abeyance pending resolution of the motion for reconsideration. Dkt. No. 223.

**I.   MOTION FOR RECONSIDERATION (DKT. NO. 219)**

Civil Local Rule 7-9 requires parties to move for leave from the Court prior to filing a motion for reconsideration. Civil L.R. 7-9(a). Substantively, the moving party must show: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought;" (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order;" or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b).

As an initial matter, Laine did not seek leave to file this motion. Even though he is proceeding pro se, he is "bound by the Federal Rules, as well as by all applicable local rules." Civil L.R. 3-9(a). On this ground, the motion may be denied. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011).

Even if the Court were to construe Laine's motion as for leave to file a motion for reconsideration, it does not meet the showing required by Civil Local Rule 7-9. Laine does not point to a subsequent change of fact or law, or a material failure by the Court to consider facts or arguments previously presented. Instead, the motion simply repeats prior arguments, or raises new issues that have no bearing on the dispositive legal question examined in the order of dismissal -- that the Court lacks subject matter jurisdiction over this case because of the domestic relations exception to federal jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 702-03 (1992). In Laine's own words, this action is about "four family law cases where each case correlates one another between the same judges, the system, third parties and lawyers." Dkt. No. 152 ¶ 64.

Laine's arguments that *Rooker-Feldman* and *Younger* abstention doctrines do not apply are unavailing. The motion for reconsideration discusses at length how "extrinsic fraud" is an exception to the *Rooker-Feldman* doctrine, citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004). However, Laine's claims are not that state courts have been defrauded; he challenges "an allegedly erroneous decision by a state court," which means that "*Rooker-Feldman* bars subject matter jurisdiction in federal court." *Id.* at 1140 (citation omitted). Similarly, the bad faith and other exceptions to *Younger* abstention do not apply because the "record does not support such a finding." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1093 (9th Cir. 2008). The exhibits to the second amended complaint ("SAC") cited in the motion merely make conclusory statements about illegal court activity. Dkt. No. 219 at 8. The exhibits at Docket Number 154, 155, 156, 157, 158, and 162 are stricken for failure to comply with Federal Rule of Civil Procedure 5.2(a), which requires "the name of an individual known to be a minor," to be redacted in federal court filings. As plaintiffs have previously been informed, minors may be identified only by their initials.

The order of dismissal also identified plaintiffs' failure to respond to multiple motions as an independent basis for dismissal under Federal Rule of Civil Procedure 41(b). Dkt. No. 216 at 2. The motion for reconsideration does not address that.

To the extent plaintiffs are making a motion under Federal Rule of Civil Procedure 60, they have not stated a good reason for the relief they seek.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS (DKT. NO. 218)

Plaintiffs' application to proceed in forma pauperis for appeal is denied for the same reasons as their prior request. Dkt. Nos. 16, 128. The application does not provide enough information to show that all plaintiffs qualify for in forma pauperis status. In addition, the family law claims are frivolous for the reasons discussed here and in Dkt. No. 216.

**IT IS SO ORDERED.**

Dated: February 26, 2020

JAMES DONATO
United States District Judge